**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0767-15T4

ILIRJAN BIDA,

    Petitioner-Appellant,

v.

DEPARTMENT OF COMMUNITY AFFAIRS,
SANDY RECOVERY DIVISION,

    Defendant-Respondent.

_____

Submitted September 14, 2017 — Decided September 25, 2017

Before Judges Nugent and Currier.

On appeal from New Jersey Department of Community Affairs, Docket No. 0043768.

Ilirjan Bida, appellant pro se.

Christopher S. Porrino, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Valentina M. DiPippo, Deputy Attorney General, on the brief).

PER CURIAM

    Petitioner Ilirjan Bida appeals from the New Jersey Department of Community Affairs (DCA), Sandy Recovery Division's final decision denying his application for funding under the

Department's Landlord Rental Repair Program (LRRP). For the reasons that follow, we affirm.

When Bida applied for the funds, he owned a house with two rental units. According to the intake questionnaire he submitted with his application, both units were occupied, he sought assistance only for Unit 2, and he had not started to repair either unit. His statement concerning the units' occupancy and the incomplete status of repairs for Unit 2 — the unit for which he was seeking funding — disqualified him from receiving funds. For that reason, his application was rejected.

According to the LRRP program guidelines, following the devastation caused by Hurricane Sandy in 2012, the United States Department of Housing and Urban Development provided funding through the Community Development Block Grant — Disaster Relief Program for New Jersey's LRRP. NJ Dep't of Cmty. Affairs, Landlord Rental Repair Program, Program Guidelines, § 1.1 (December 18, 2014) (Guidelines). Relevant to this appeal, eligibility required that "[r]epairs must have been performed prior to the application submission date for assistance." Id. at § 1.2.6.1. In addition, "[l]andlords that apply to the LRRP and that have unit[s] occupied by a tenant with work not complete shall not be eligible for funding for the applicable unit[s]." Id. at §1.3.7. Thus, as

previously noted, the information Bida provided in his application rendered him ineligible for funding.

Bida requested the DCA reconsider its decision. The Director of the DCA, Sandy Recovery Division, considered Bida's request as an internal appeal and denied it. The Director advised Bida he could seek review with the Office of Administrative Law (OAL).

The matter was transferred to the OAL as a contested case. Following a hearing, the Administrative Law Judge (ALJ) upheld DCA's rejection of Bida's application. After considering inconsistencies in Bida's testimony with the documentary evidence admitted at the hearing, the ALJ determined "the rehabilitation related to Unit 2 was not complete on . . . the date on which Bida filed the LRRP application . . . ." For that reason, the ALJ ordered that DCA's denial of Bida's application be affirmed. Because DCA did not timely modify or reject the ALJ's decision, the decision is "deemed adopted as the final decision of the head of the agency." N.J.S.A. 52:14B-10(c).

Our review of an administrative agency's final decision is limited. In re Taylor, 158 N.J. 644, 656 (1999). Generally, courts "defer to the specialized or technical expertise of the agency charged with administration of a regulatory system." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). For those reasons, "an appellate court

A-0767-15T4

ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." Ibid.

Here, the ALJ's initial decision, which became final as the result of the DCA's inaction, was supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). The ALJ followed the law and his decision was neither arbitrary nor capricious. Bida's arguments warrant no further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-0767-15T4